IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LAURA KARINA GONZALEZ, *et al*., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:24-CV-209-BR |
| | § | |
| PILOT TRAVEL CENTERS, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER DISMISSING WITHOUT PREJUDICE FOR WANT OF PROSECUTION AND FAILURE TO COMPLY WITH COURT ORDERS**

Plaintiffs filed this personal injury case in Texas State Court on August 26, 2024 in response to an accident alleged to have occurred in January of 2023. (ECF 11 at 1). After confirming that Plaintiffs were receiving orders of the Court by mail, the undersigned granted a motion for Plaintiffs' attorneys to withdraw, and Plaintiffs are currently before the Court *pro se*. (*See* ECF 41). Now, due to failure to prosecute their case and for repeated non-compliance with Court orders, the Plaintiffs' claims are DISMISSED without prejudice.[1]

### I.     LEGAL STANDARD

The Federal Rules of Civil Procedure allow a court to order the involuntary dismissal of a plaintiff's action "if the plaintiff fails to prosecute or to comply with…a court order." Fed. R. Civ. P. 41(b). That rule explicitly provides for dismissal in response to a motion, but has been interpreted as also allowing dismissal on a court's discretionary initiative. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("It is well established that Rule 41(b) permits dismissal…on

---

[1] Though the Court dismisses Plaintiffs' claims without prejudice, the applicable statute of limitations may prevent Plaintiffs from reasserting their claims. *See infra*, n. 2. Plaintiffs have been warned of this possibility. (*See* ECF 42).

the court's own motion."). Dismissal, especially with prejudice,[2] is an extreme measure that must be strictly justified. *Campbell*, 988 F.3d at 801.

The Fifth Circuit Court of Appeals has established a framework to determine when dismissal with prejudice is justified. First, there must be a clear record of either egregious delay or contumacious conduct. *Id*. at 802 (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Second, the court must expressly determine that lesser measures "would not prompt diligent prosecution," or else must have attempted lesser measures without success. *Campbell*, 988 F.3d at 802. Even when both requirements are satisfied, the Fifth Circuit generally requires the presence of one or more aggravating factors in the case; the standard examples are "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

## II.   PROCEDURAL HISTORY

Plaintiffs' counsel initially moved to withdraw on December 9, 2024. (ECF 26). Concerned that the motion did not clearly indicate Plaintiffs' consent to the withdrawal, the Court denied it without prejudice the same day it was filed. (ECF 28). On December 17, 2024, Plaintiffs' counsel filed an Amended Motion to Withdraw. (ECF 29). The Amended Motion noted that Plaintiffs had received letters of notice and had signed them "indicating their agreement with the withdrawal." (*Id.* at 2). The letters to the Plaintiffs, which were attached to the Motion with the associated audit trail documents for each of Plaintiffs' signatures, included the following request from counsel: "Please sign this letter as an acceptance of the attorney's notice letter. This means that you are

---

[2] In Texas, the statute of limitations for torts like those Plaintiffs have alleged is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a). Accordingly, though the Court dismisses Plaintiffs' claims without prejudice, such that this Order does not prohibit Plaintiffs from re-filing their claims, the Court acknowledges that other applicable law most likely makes it impossible for Plaintiffs to pursue those claims further. Due to that practicality, the Court makes this decision to dismiss by reference to the stricter standard.

unopposed to this withdrawal." (ECF 29-1 at 3, 7). Plaintiffs digitally signed the letters. (*Id.* at 3-4, 7-8). Accordingly, the Court determined that Plaintiffs' counsel had satisfied the standards for withdrawal. (ECF 30).

On January 2, 2025, the Court issued an Order indicating that Plaintiffs' counsel would be permitted to withdraw, and also issued a Letter to Plaintiffs. (*Id. and* ECF 31). Both documents included a requirement that Plaintiffs, without assistance from their withdrawing counsel, were to mail or file a notice to the Court by February 18, 2025. (ECF 30 at 4 *and* 31 at 1). The Order directed the withdrawing counsel to send a copy of the Order to Plaintiffs "in the most expeditious manner possible" and to certify delivery by a Court filing within the following week, after which the Court would have them terminated as attorneys of record in this case. (ECF 30 at 3). The Order also directed the Clerk of Court to mail copies of the Order and the Letter to Plaintiffs at the address provided by the withdrawing counsel. (*Id.* at 3).

On January 9, 2025, the withdrawing counsel filed a Certificate of Service confirming that they had delivered copies of the Court's Order to Plaintiffs by regular and certified mail and by email. (ECF 32). However, on January 15, 2025, the copies of the Order and Letter that the Clerk of Court had sent by mail were returned as undeliverable. (ECF 33). Accordingly, the Court issued an Order deferring the withdrawal of Plaintiffs' counsel and directing attorneys for both parties to provide the most updated mailing addresses they had on-file for Plaintiffs. (ECF 34). Plaintiffs' counsel confirmed the originally-provided address (ECF 36) and Defendant provided a new address (ECF 35), so the Court on February 22, 2025 directed the Clerk of Court to re-mail copies of the instructions to Plaintiffs. (ECF 37). These remailed documents were not returned, and on February 3, 2025, the withdrawing attorneys filed a notice to the Court advising that Plaintiffs had

confirmed their receipt. (ECF 38). Plaintiffs did not, however, send anything to the Court by the February 18, 2025 deadline.

On March 6, 2025, more than two weeks after the deadline had passed, the Court issued another Letter to the Plaintiffs and a new Order extending their deadline to respond to April 4, 2025. (ECF 39 *and* 40). These documents were successfully mailed to Plaintiffs by the Clerk of Court. On March 24, 2025, the Court issued an Order withdrawing Plaintiffs' attorneys and terminating their status as counsel of record in this case. (ECF 41). The Clerk of Court successfully mailed a copy of that Order to Plaintiffs as well. The extended deadline of April 4, 2025 passed without any communication to the Court by Plaintiffs.

Finally, on April 7, 2025, the Court entered a single-page Final Order for Plaintiffs to Respond. (ECF 42). That Order, which the Clerk of Court mailed to Plaintiffs the same day, stated that,

> Out of an abundance of caution, the Court will provide Plaintiffs a **final opportunity** to respond and comply with its Orders. Plaintiffs must respond to the Court **on or before April 17, 2025** or the undersigned will enter an Order dismissing the case for want of prosecution and failure to follow Court Orders.

(*Id.*) (emphasis in original). The April 17 deadline, like all prior deadlines, passed without any response by Plaintiffs, who have not at any time communicated to the Court or its staff by mail, telephone, email, or any other method.

### III.   ANALYSIS

It has been four months since Plaintiffs' counsel initially moved to withdraw from this case. (*See* ECF 26). Since that time, Plaintiffs have received numerous communications from the Court, including detailed instructions on how to enter filings and interact with their case. (*See, e.g.*, ECF 40 at 1 (directing the Clerk of Court to mail Plaintiffs a copy of the form, "U.S. District Court for the Northern District of Texas Instructions to a Non-Prisoner *Pro Se* Plaintiff")). The Court's

letters to Plaintiffs have encouraged that, "Should you have any questions or concerns about filing the notice requested by this letter, please do not hesitate to contact the undersigned's chambers" at the provided telephone number. (ECF 39 at 1). The Court has not received any communication from Plaintiffs in this time.

The Court has repeatedly warned the Plaintiffs that their case could be dismissed if they were unresponsive. (ECF 31 at 1 (letter dated January 2, 2025 stating, "If you do not respond to the Court on or before February 18, 2025, then dismissal of your case is possible."), ECF 39 at 1 (letter dated March 6, 2025 stating, "If the Court does not receive a response from you on or before April 4, 2025, your case will be dismissed."), ECF 41 at 2 (March 24, 2025 "Order Withdrawing Plaintiffs' Counsel" stating, "Plaintiffs are reminded that failure to respond to the Court on or before April 4, 2025 will result in dismissal of their lawsuit without prejudice."), *and* ECF 42 (April 7, 2025 "Final Order for Plaintiffs to Respond" stating, "Plaintiffs must respond . . . or the undersigned will enter an Order dismissing the case . . . The Court warns Plaintiffs that they may not be able to bring these claims against the Defendant in another lawsuit if the Court dismisses this case."). Plaintiffs have declined to respond to these warnings.

The record of egregious delay in this case is clear. The Court has repeatedly attempted to prompt the diligent prosecution of Plaintiffs' case and has had no success. As a result, this case, which was removed to this Court more than six months ago, is not yet under a scheduling order as required by the Federal Rules of Civil Procedure. *See* F. R. Civ. P. 16(b)(2) (establishing that scheduling orders should normally be issued within 60 days after removal of a case). These delays are directly attributable to Plaintiffs, rather than to their attorneys, and have resulted in real prejudice to the Defendant, who has been prevented from making any meaningful efforts at organizing defenses to Plaintiffs' claims. Thus, dismissal of Plaintiffs' case, even if it operates *de*

*facto* as a dismissal with prejudice of their claims, is justified. *See Campbell*, 988 F.3d at 801. Plaintiffs have left the Court with no alternative that will preserve the effective control of the Court's docket.

## IV. CONCLUSION

For the reasons detailed above, Plaintiffs' claims in this case are DISMISSED without prejudice for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). Judgment will issue accordingly.

IT IS SO ORDERED.

ENTERED April 22, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE